**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

-----------------------------------------------------------x
In re:                                                    :
                                                          :   Civil Action No. 4:25-cv-02193
BMI OLDCO INC., *et al.*,[1]                              :
                                                          :   Bankruptcy Case No. 23-90794 (MI)
                      Debtors.                            :
                                                          :
-----------------------------------------------------------x

**EMERGENCY MOTION TO MODIFY THE ABATEMENT**
**TO PERMIT CERTAIN ADMINISTRATIVE**
**MATTERS TO PROCEED BEFORE THE BANKRUPTCY COURT**
[Relates to Docket No. 42]

---

[1]    The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: BMI Oldco Inc. (f/k/a Barretts Minerals Inc.) ("**BMI**") (8715) and Barretts Ventures Texas LLC ("**BVT**," and collectively with BMI, the "**Debtors**") (0787).  The Debtors' address is 5605 North MacArthur Boulevard, Suite 1000, PMB 139, Irving, Texas 75038.

i

On June 22, 2026, this Court entered an Order [Docket No. 42] (the "**Order**") adopting the Bankruptcy Court's *Abatement Order and Report and Recommendation to District Court* (the "**Report and Recommendation**") [Docket No. 1; Bankr. Docket Nos. 1478 and 1479[2]] and determining to move forward with a proceeding in this Court (the "**Proceeding**") to "determine, by trial or otherwise, whether any of the talc sold by Barretts Minerals, Inc. ('BMI') contained sufficient quantity and form of asbestos to cause mesothelioma or other asbestos-related diseases" (the "**Referred Matter**").

At the status conference held by this Court on July 16, 2026, this Court confirmed its intent to abate the bankruptcy case pending a determination of the Referred Matter. Following submissions by certain parties to the Bankruptcy Court, on July 21, 2026, the Bankruptcy Court entered the *Order Canceling All Settings and Deadlines* [Bankr. Docket No. 2242] (the "**Clarifying Order**").  The Clarifying Order provided that "[t]he reference to this bankruptcy case and all of its related adversary proceedings has now been withdrawn solely to determine" the Referred Matter, canceled "[a]ll current settings and hearings," and clarified that "[p]ending any further order from the District Court, the abatement is in full force."  The Clarifying Order also stated that "[t]he parties are free to request—and [the Bankruptcy] Court would support—the District Court's approval of the Bankruptcy Court's exercise of authority over routine administrative matters such as interim compensation applications."  Clarifying Order at 1.

---

[2]   Docket references herein to the case before the District Court, Case No. 4:25-cv-02193, are cited as "Docket No. __".  Docket references to filings in the Chapter 11 Cases (as defined below), Case No. 23-90794 (MI), are cited as "Bankr. Docket No. __".

By this Motion, the Debtors, joined by the Future Claimants' Representative (the "**FCR**"), ask this Court to lift the abatement as to certain administrative matters (as described in (i)-(iv) below) that will not affect this Court's determination of the Referred Matter (collectively, the "**Administrative Matters**") and to confirm that the Bankruptcy Court may consider and handle the Administrative Matters on an unabated basis. Specifically, the Debtors ask that this Court authorize the unabated consideration and handling by the Bankruptcy Court of: (i) matters relating to debtor-in-possession financing, including the approval of additional financing ("**DIP Financing**") that will be used to pay for costs borne by the estate in connection with the Referred Matter and other administrative costs (including statutorily required costs, such as United States Trustee fees) in connection with the chapter 11 cases (the "**Chapter 11 Cases**"); (ii) the retention, employment and allowance of administrative expenses of estate professionals and other persons hired by estate fiduciaries, under sections 327, 328, 363, and 503 of title 11 of the United States Code (the "**Bankruptcy Code**"), as applicable, and the review and approval of applications for interim and final compensation of estate professionals under section 331 of the Bankruptcy Code, and the resolution of objections, if any, to the continued payment of professionals retained by the Debtors, including the Debtors' officers, directors, and mediator appointed in the Chapter 11 Cases; (iii) the Debtors' pending *Motion to Amend Order Extending Time to File Estate Claims and Avoidance Actions* [Bankr. Docket No. 2217] (the "**Estate Claims Extension Motion**"), which seeks to extend the deadline for the Debtors to file estate claims and avoidance actions (the "**Estate Claims and Avoidance Actions**"), and any further motions to extend that deadline or the deadline for removing

2

cases pending in state court to federal court pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027;[3] and (iv) monthly operating and status reports that inform creditors and parties in interest.[4]

Although this Court's Order, together with the Clarifying Order, set forth that the reference has been withdrawn "solely to determine" the Referred Matter (Clarifying Order at 1; *see also* Report and Recommendation at 9), it is not uniformly clear to the Debtors and the parties with whom they conferred regarding this Motion (as listed in the required Certificate of Conference) whether this language means the reference has been withdrawn solely as to the Referred Matter or whether the reference was withdrawn in full as to the Administrative Matters and all other aspects of the Chapter 11 Cases for the sole purpose of this Court determining the Referred Matter.  Therefore, out of an abundance of caution, the Debtors also respectfully request this Court, to the extent necessary, to renew the reference of the Administrative Matters to the Bankruptcy Court.

## I.      STATEMENT OF ISSUES TO BE RULED UPON BY THE COURT

***Statement of Issues.***   *Whether the Court should lift the abatement as to the Administrative Matters and, if necessary, renew the reference to the Bankruptcy Court for the Administrative Matters on an unabated basis, so that the Bankruptcy Court may*

---

[3]   The current deadline to remove cases pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 expires on August 14, 2026, pursuant to the *Order (I) Further Extending the Time Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Bankr. Docket No. 2084].  The Debtors would typically expect to seek a further extension of that deadline as a matter of course prior to expiration of the deadline.

[4]   The Debtors reserve the right to ask that this Court also lift the abatement to permit the Bankruptcy Court to address other routine matters concerning the administration of the Debtors' estates under 28 U.S.C. § 157(b)(2)(A) that do not require adjudication of the Referred Matter.

*consider and rule in connection with the Administrative Matters while this Court handles the Proceeding and adjudicates the Referred Matter.*

***Standard of Review.*** Whether to refer, or to withdraw the reference of, a case or proceeding under title 11, and whether to modify any abatement or stay of proceedings, are committed to the discretion of the district court. 28 U.S.C. §§ 157(a), (d); *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936).

## II.    SHORT SUMMARY OF THE DEBTORS' ARGUMENT

Pursuant to this Court's Order and as confirmed in the Clarifying Order, the proceedings before the Bankruptcy Court are abated, and the reference to these Chapter 11 Cases has been withdrawn "solely to determine" the Referred Matter. *See* Clarifying Order at 1. During the pendency of the Proceeding, it will be necessary for the parties to seek certain routine administrative relief in connection with the administration of the Chapter 11 Cases. In the interests of judicial economy, the Debtors respectfully submit that it is most efficient for the Bankruptcy Court to handle the Administrative Matters. Accordingly, the Debtors request that the Court grant the Motion and lift the abatement as to the Administrative Matters so that the Bankruptcy Court may address them on an unabated basis. Furthermore, because it is not entirely clear from this Court's Order and the Clarifying Order whether the withdrawal of the reference extends to the Administrative Matters, the Debtors, out of an abundance of caution, further request that, to the extent necessary, the Court renew the reference of the Administrative Matters to the Bankruptcy Court.

III.   **ARGUMENT**

A.   **This Court May Lift the Abatement and, If Necessary, Renew the Reference for the Administrative Matters Under 28 U.S.C. § 157(a) and the General Order of Reference.**

This Court has withdrawn the reference of the Chapter 11 Cases and their related adversary proceedings from the Bankruptcy Court for the sole purpose of determining the Referred Matter.  On July 21, 2026, the Bankruptcy Court entered the Clarifying Order acknowledging that withdrawal, canceling all settings and hearings, and confirming that the proceedings before the Bankruptcy Court are abated "[p]ending any further order from the District Court."  Clarifying Order at 1.  The Bankruptcy Court has thus determined that it may not act on any matter—including routine estate administration—absent a further order of this Court.  The Bankruptcy Court further confirmed that it would support the parties in seeking "the District Court's approval of the Bankruptcy Court's exercise of authority over routine administrative matters . . . ." *Id.*

The authority to refer such administrative matters to the Bankruptcy Court and confirm that the Bankruptcy Court may proceed as to such administrative matters during the pendency of the Proceeding rests comfortably within this Court's discretion.  The district court has original jurisdiction over cases under title 11 and civil proceedings arising under, arising in, or related to cases under title 11.  28 U.S.C. § 1334(a)–(b).  Under 28 U.S.C. § 157(a), a district court may refer those cases and proceedings to the bankruptcy judges for the district, and the Southern District of Texas has done so through the *Order of Reference to Bankruptcy Judges*, General Order 2012-6 (S.D. Tex. May 24, 2012), which automatically refers all such cases and proceedings to the bankruptcy judges of this District

except those "specifically withdrawn from the general reference to the Bankruptcy Court." The same discretion that permitted this Court to withdraw the reference likewise permits it to renew the reference of discrete matters. *See Mirant Corp. v. Potomac Elec. Power Co.*, 197 F. App'x 285, 294 (5th Cir. 2006) ("Matters under Chapter 11 are within the district court's original jurisdiction, and reference to and withdrawal from the bankruptcy court of bankruptcy matters is left to the discretion of the district court.").

Because the Administrative Matters relate to administration of the Debtors' estate, fall within the general reference, and do not depend upon the adjudication of the Referred Matter, the Debtors submit that this Court can and should lift the abatement as to those matters and confirm that they may proceed before the Bankruptcy Court in the interests of efficiency. To the extent the reference has been withdrawn as to the Administrative Matters, the Debtors request that this Court renew the reference of the Administrative Matters so that there is no doubt that the Bankruptcy Court may act on the Administrative Matters.

**B.  The Administrative Matters Are Necessary to the Continued Prosecution of the Referred Matter but Do Not Bear on Its Determination.**

This Court will decide the Referred Matter through the Proceeding. However, even while the Chapter 11 Cases are otherwise abated, certain routine business and administrative approvals in connection with the Chapter 11 Cases will be necessary. Given its extensive knowledge and experience from the three years it presided over the Chapter 11 Cases, the Debtors submit that the Bankruptcy Court is best positioned to handle such matters—and the Bankruptcy Court has invited this Court to authorize it to do so.

*First*, the Debtors must seek and obtain approval of additional funding for these Chapter 11 Cases. The Referred Matter involves multiple parties in interest whose expenses and costs the Bankruptcy Code[5] and certain Bankruptcy Court orders[6] require to be paid by the estate—the Debtors (including the special committee of BMI's board), the Official Committee of Unsecured Creditors (the "**Committee**"), and the FCR—and resolution of the Referred Matter will require litigation lasting at least several months. During this time, statutorily required fees will also accrue and must be paid.[7] Absent approval of additional DIP Financing, however, the estate will not have funds sufficient to cover costs, including those related to the Referred Matter. And failure to pay such fees and costs on a current basis would serve as a basis to dismiss the bankruptcy case, prematurely curtailing the Proceeding.[8] Permitting the Bankruptcy Court to oversee matters related to DIP Financing is the most efficient way to keep this Proceeding moving toward resolution, and deciding such issues would not bear on the adjudication of the merits of the Referred Matter.

*Second*, professionals retained in connection with the Chapter 11 Cases will need to submit applications for interim and final compensation, including for work performed in connection with the Referred Matter, and additional estate professionals and other

---

[5]   *See* 11 U.S.C. § 330(a)(1).

[6]   *See* Bankr. Docket Nos. 281, 307, 308, 310, 311, 312, 314, 316, 507, 508, 509, 701, 735, 1664, 1665, 1679, 2095.

[7]   *See* 28 U.S.C. § 1930(a)(6).

[8]   *See* 11 U.S.C. § 1112(b)(4)*; see al*so Bankr. S.D. Tex., Local Rule 1017-2(a)(3), (10)*; In re Who Dat ?, Inc*., No. 21-10292, 2024 WL 1337453, at *12 (Bankr. E.D. La. Mar. 27, 2024) (finding cause for dismissal where the debtor's inability to cover administrative expenses, including the cost of bankruptcy counsel, resulted in administrative insolvency).

persons hired by estate fiduciaries may need to be retained and employed, and their administrative expenses allowed, under sections 327, 328, 363, and 503 of the Bankruptcy Code in connection with the Proceeding.  The Bankruptcy Court is familiar with the retention of estate professionals who have been approved by its orders and the review of interim and final compensation applications and objections thereto, so the Debtors submit that it is most efficient to refer the consideration and approval of retention- and compensation-related matters to the Bankruptcy Court.  Much of the work for which compensation is to be approved was performed prior to the proceedings in this Court and is best evaluated by the Bankruptcy Court.  Moreover, such retention and fee proceedings are administrative in nature and would have no impact on the conduct of the Proceeding. For the same reasons, to the extent any party in interest objects to the continued payment of professionals retained by the Debtors—including the Debtors' officers and directors and the mediator appointed in the Chapter 11 Cases—any such objection should likewise be determined by the Bankruptcy Court, which has authorized and overseen the compensation of these professionals throughout the Chapter 11 Cases, and is best positioned to resolve any such dispute.

*Third*, the estates' claims and causes of action—which may provide value to the Debtors' creditors through litigation recoveries and negotiated resolutions—must be preserved by extending the deadline to file them.  The Debtors have previously sought and obtained extensions of the applicable periods under sections 108(a) and 546(a) of the Bankruptcy Code within which the Debtors may file such claims.  Prior to entry of the Clarifying Order, the Debtors filed a motion seeking a further extension of such deadlines

8

[Bankr. Docket No. 2217], which was set for hearing on August 3, 2026—the very day the limitations period (as extended) expires.  Unless the reference as related to that pending motion is renewed so that the Bankruptcy Court may hear and determine it, the Debtors may be forced either to seek an extension from this Court or file their Estate Claims and Avoidance Actions now—which the special committee of the Debtors' board of directors has determined would be counterproductive.  *See* Estate Claims Extension Motion ¶ 11. Further, the Debtors throughout the Chapter 11 Cases have similarly sought extensions of the deadline to seek removal of pending state court actions pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027.  Such extensions are generally sought and obtained as a matter of course during the pendency of a bankruptcy case to preserve debtors' statutory right to a federal forum.  Preserving the Debtors' ability to continue seeking extension of that deadline would obviate any need by the Debtors to file notices of removal in the near term to preserve that right.

*Fourth*, although substantive proceedings (beside the Proceeding) would remain abated, the Debtors will continue to accrue expenses and make payments during the period in which this Court considers the Proceeding.  Both the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure[9] require debtors to file monthly operating reports informing the bankruptcy court and other stakeholders as to the debtors' ongoing financial results. Clarifying that the Debtors may continue to file in the Chapter 11 Cases the monthly operating reports informing their stakeholders as to cash inflows and outflows from the

---

[9]  *See* 11 U.S.C. §§ 1106, 1107; Fed. R. Bankr. P. 2015(a).

9

estates, as well as status reports updating the Bankruptcy Court on proceedings before this Court and any other material updates, would be appropriate and would not in any way interfere with what remains before this Court.

### C.    The Bankruptcy Court Is Best Positioned to Address the Administrative Matters.

The Bankruptcy Court is best positioned to handle the Administrative Matters.  It has overseen these Chapter 11 Cases since they were initially filed in October 2023 and is familiar with the estates' finances, the professionals, and the history of the Debtors' efforts to preserve the estates' causes of action.  The Bankruptcy Court has overseen issues related to the Debtors' financing from the outset, entering the orders authorizing the Debtors' debtor-in-possession financing facilities [Bankr. Docket Nos. 453, 917]; it entered the order establishing procedures for the interim compensation of estate professionals [Bankr. Docket No. 316] and has administered those procedures ever since, reviewing and approving numerous interim fee applications submitted by the Debtors, the Committee, and the FCR, *see, e.g.,* [Bankr. Docket Nos. 2115, 2134, 2157]; and it has considered and ordered prior extensions of the applicable deadline to commence Estate Claims and Avoidance Actions, *see* [Bankr. Docket Nos. 1758, 1823, 2015].

Asking this Court to take up these matters now—matters the Bankruptcy Court has managed for nearly three years in connection with its oversight of the Chapter 11 Cases and is otherwise familiar with in terms of the general management of chapter 11 cases more broadly—would only distract from this Court's time and efforts focused on the expeditious adjudication of issues related to the Referred Matter.  The Bankruptcy Court itself agrees,

10

having stated that it "would support . . . the District Court's approval of the Bankruptcy Court's exercise of authority over routine administrative matters such as interim compensation applications." Clarifying Order at 1.

### D.    No Party Will Be Prejudiced by the Requested Relief.

The requested relief will not prejudice any party in interest. It leaves the withdrawal of the reference as to the Referred Matter in place, will not impact the schedule or structure of the Proceeding, and affects no party's rights or positions either in connection with the Referred Matter or any of the Administrative Matters. The requested relief would have the limited subset of Administrative Matters efficiently handled in a timely fashion by the Bankruptcy Court while leaving the Referred Matter and this Court's management of the Proceeding entirely undisturbed.

## IV.    BASIS FOR EMERGENCY CONSIDERATION

Emergency consideration of this Motion is warranted because the deadline for the Debtors to commence the Estate Claims and Avoidance Actions, as previously extended, expires on August 3, 2026—the same date on which the Bankruptcy Court had set the Estate Claims Extension Motion for hearing, but which hearing the Bankruptcy Court cancelled through the Clarifying Order. Unless the Bankruptcy Court may hear and determine that motion on an unabated basis by that date, the Debtors will be forced either to seek that relief from this Court on an expedited basis or to file the Estate Claims and Avoidance Actions immediately, which the special committee of the Debtors' board of directors has determined would be counterproductive. *See* Estate Claims Extension Motion

11

¶ 11.  The Debtors therefore respectfully request that the Court consider this Motion on an emergency basis.

## V.  CONCLUSION

For the foregoing reasons, the Debtors respectfully request that the Court enter an order, substantially in the form of the proposed order submitted herewith, (i) lifting the abatement as to the Administrative Matters so that they may be addressed by the Bankruptcy Court on an unabated basis, (ii) out of an abundance of caution, and to the extent necessary, renewing the reference of the Administrative Matters to the Bankruptcy Court so that they may be addressed on an unabated basis, and (iii) granting such other and further relief as the Court deems just and proper.

Dated: July 29, 2026

Respectfully submitted,

**PORTER HEDGES LLP**

By: */s/ Eric D. Wade*
John F. Higgins (SDTX No. 563)
Eric D. Wade (SDTX No. 21401)
Heather K. Hatfield (SDTX No. 641873)
Megan Young-John (SDTX No. 3120284)
1000 Main St., 36th Floor
Houston, Texas 77002
Telephone: (713) 226-6000
Email: jhiggins@porterhedges.com
ewade@porterhedges.com
hhatfield@porterhedges.com
myoung-john@porterhedges.com

-and-

**LATHAM & WATKINS LLP**
Jeffrey E. Bjork (admitted *pro hac vice*)
Kimberly A. Posin (admitted *pro hac vice*)
Amy C. Quartarolo (admitted *pro hac vice*)
Christina M. Craige (admitted *pro hac vice*)
Joseph L. Teresi (admitted *pro hac vice*)
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Telephone: (213) 485-1234
Email: jeff.bjork@lw.com
kim.posin@lw.com
amy.quartarolo@lw.com
chris.craige@lw.com
joe.teresi@lw.com

*Counsel for Debtors and Debtors in Possession*

13

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule 7.1(D) and the Court Procedures of the Honorable George C. Hanks, Jr., the undersigned certifies that counsel for the Debtors has conferred, or attempted in good faith to confer, with counsel for the parties in interest concerning the relief requested in this Motion. On July 25, 2026, at 6:33 p.m. (CT), counsel for the Debtors contacted, by email, counsel for the Official Committee of Unsecured Creditors, the Future Claimants' Representative, Minerals Technologies Inc. and Specialty Minerals Inc. (collectively, the "**Contacted Counsel**"). On July 27, 2026, at approximately 4:00 p.m. (CT), counsel for the Debtors met and conferred with counsel for the Official Committee of Unsecured Creditors regarding the Motion. On July 28, 2026, between 6:26 p.m. and 6:52 p.m. (CT), counsel for the Debtors again reached out to the Contacted Counsel by email. Based on numerous calls with and emails received from the Contacted Counsel, as of the filing of this Motion, one or more of those parties oppose, or have not agreed to support, the relief requested. Specifically, counsel for Minerals Technologies Inc. and Specialty Minerals Inc. informed counsel for the Debtors that they do not consent to, and will oppose, the relief requested in this Motion, at least in part, and counsel for the Committee informed counsel for the Debtors that the Committee does not join in the Motion. Accordingly, the Debtors submit this Motion as opposed. Should the parties reach agreement before the Court rules, the Debtors will promptly advise the Court and, if appropriate, submit the Motion as unopposed or agreed.

/s/ *Christina M. Craige*
Christina M. Craige

14

## CERTIFICATE OF SERVICE

I certify that on July 29, 2026, I caused a true and correct copy of the foregoing document to be served by the Court's CM/ECF notification system, which will send notice of electronic filing to all counsel of record.

/s/ *Eric D. Wade*
Eric D. Wade